# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sean W. Quigley,

                Petitioner,    Case No. 17-cv-11203

v.                                    Judith E. Levy
                                    United States District Judge

Thomas Mackie,

                                    Mag. Judge David R. Grand
                Respondent.

_____/

# OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Sean Quigley ("Petitioner") was convicted of terrorism, MICH. COMP. LAWS § 750.543f, unlawful imprisonment, MICH. COMP. LAWS § 750.349(1)(b), making a terrorist threat or false report of terrorism, MICH. COMP. LAWS § 750.543m, and making a false report of a crime (a bomb threat), MICH. COMP. LAWS § 750.411a(2)(b), following a jury trial in the Wayne County Circuit Court. In 2014, he was sentenced to concurrent terms of ten to fifteen years of imprisonment for terrorism

and unlawful imprisonment, ten to twenty years of imprisonment for making a terrorist threat, and two to four years of imprisonment for making a false bomb threat.

Petitioner filed an appeal of right with the Michigan Court of Appeals, raising claims concerning the applicability of the Michigan Anti-Terrorism Act, the sufficiency of the evidence, the scoring of certain offense variable of the state sentencing guidelines, and the restitution order. The court affirmed in part, reversed in part (granting relief on one of the sufficiency of the evidence claims and the restitution claim), and remanded for resentencing and a determination of the appropriate restitution amount. *People v. Quigley*, No. 322482, 2016 Mich. App. LEXIS 89 (Mich. Ct. App. Jan. 19, 2016). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Quigley*, 499 Mich. 985 (2016).

Petitioner filed his *pro se* federal habeas petition on April 18, 2017. (Dkt. 1.) He raises claims concerning the jury instructions, the admission of his confession, the effectiveness of trial counsel, judicial

bias, the non-disclosure of evidence, the use of perjured testimony, and judicial misconduct and jury bias. (*Id.* at 3-7.)

Promptly after a habeas petition is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Any habeas petition that appears legally insufficient on its face may be dismissed. *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *see Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999) (a habeas corpus petition may be summarily dismissed if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief).

Here, the habeas petition must be dismissed because it is premature. Petitioner's state convictions and sentences are not yet final, given that the Michigan Court of Appeals reversed in part and

3

remanded his case to the state trial court for re-sentencing. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (ruling that when a state court affirms a conviction on direct review, but remands for resentencing, the judgment of conviction does not become final, for purposes of the statute of limitations, until the completion of direct review from the new judgment of sentence); *see also Rashad v. Lafler*, 675 F.3d 564, 567-78 (6th Cir. 2012). Petitioner neither alleges nor establishes that he has been re-sentenced. Moreover, state records indicate that he has not yet been re-sentenced. *See People v. Quigley*, No. 13-009245-01-FC (Wayne Co. Cir. Ct. Register of Actions); Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=934431. Petitioner cannot proceed on federal habeas review until his convictions and sentences are finalized in the state courts.

Even if Petitioner has been re-sentenced, he cannot proceed on habeas under 28 U.S.C. §2254 without first exhausting his available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair

4

opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). For a prisoner in Michigan, each issue must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). Because Petitioner has not met his burden of proving exhaustion, the petition must be dismissed at this time. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Accordingly, the petition is DISMISSED WITHOUT PREJUDICE as premature because Petitioner's state convictions and sentences are not yet final and also because Petitioner has not shown that he has exhausted his claims in state court. Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).

Because no reasonable jurists could debate the correctness of the Court's procedural ruling, a certificate of appealability is DENIED. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see* 28 U.S.C. § 2253(c)(2). An appeal also could not be taken in good faith, so leave to proceed on appeal *in forma pauperis* is DENIED. See Fed. R. App. P. 24(a).

IT IS SO ORDERED.

Dated: June 8, 2017       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2017.

     s/Felicia M. Moses
     FELICIA M. MOSES
     Case Manager